412 A.2d 926.

PROVIDENCE TEACHERS' UNION *vs.*
PROVIDENCE SCHOOL COMMITTEE.

MARCH 17, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Weisberger and Murray, JJ.

PER CURIAM.   This case comes before us on a motion by the Providence Teachers' Union (the union) to affirm a judgment in the Superior Court confirming an arbitrator's award. On July 16, 1976, the Providence School Committee (the committee) notified the Providence Teachers' Union by letter that the positions of department head, head guidance counselor, and department chairman would be eliminated.

The union immediately filed a grievance challenging the abolition of these positions. On April 10, 1978, an arbitration panel determined that such action violated the terms and conditions of the contract and ordered the positions, as well

as the former incumbents, to be reinstated. The panel further directed that the compensatory periods lost were to be compensated at the rate of $5 per period.

Subsequently the union filed a petition in the Superior Court to confirm and enforce the award. After a judgment was entered in the Superior Court to confirm and enforce the award, defendant committee filed its appeal.

The defendant argues that (1) the arbitrators exceeded their jurisdiction because G.L. 1956 (1979 Reenactment) §28-9.3-2, the statute which grants teachers the right to organize and bargain collectively, excludes from its coverage certified teachers not engaged in teaching duties and (2) the arbitrators so imperfectly executed their powers that a mutual, final and definite award was not made. We disagree.

The issue raised in the instant case is no different than the one decided by this court in *Barrington School Committee* v. *Rhode Island State Labor Relations Board*, 120 R.I. 470, 388 A.2d 1369 (1978). The Barrington School Committee under similar circumstances had refused to bargain on the question of the elimination of department chairmanships. This court held that where the problem involves "both a question of management and a term or condition of employment, it is the duty of the committee to negotiate with the teachers involved." 120 R.I. at 479-480, 388 A.2d at 1375. In effect, this court decided that certified teachers with the added duties of "department chairmanships" are within the provisions of §28-9.3-2. We therefore conclude that *Barrington School Committee* v. *Rhode Island State Labor Relations Board, supra,* is controlling, and we reject defendant's first contention.

A careful reading of the award indicates that the issue submitted to the arbitration panel, that is, whether the abolition of the position of department head and other administrative positions violated the terms and conditions of the collective bargaining agreement, was resolved in clear and concise language.

Because we find defendant's objections without merit, we hereby grant the motion to affirm.

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

Mr. Justice Doris did not participate.

*Abedon, Michaelson, Stanzler, Biener, Skolnik & Lipsey, Julius C. Michaelson, Richard A. Skolnik,* for plaintiff.

*Vincent J. Piccirilli,* for defendant.